UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Civil Action No.

5: 04-CV-541-H(2)

LENZY GRAHAM; ANDREGUS
HOLMES, JAMES GOODSON; LARRY
SHAW; LAMONT HINSON; THOMAS
LEAK; MARCUS JOHNSON;

Plaintiffs,

vs.

GOLDEN CORRAL FRANCHISING
SYSTEMS, INC.; GOLDEN CORRAL
CORPORATION; MARY CHRISTIAN;
MARI CHRIS FARR; SERGEANT
PAUL; OFFICER BLANCO;
FAYETTEVILLE POLICE
DEPARTMENT; OTHER UNKNOWN
NAMED OFFICERS of the
FAYETTEVILLE POLICE
DEPARTMENT; and THE CITY OF
FAYETTEVILLE, NORTH CAROLINA,

Defendants.

**NOTICE OF REMOVAL**

(FEDERAL QUESTION)
28 U.S.C. §§ 1441 et seq.

NOW COME all Defendants in the above-referenced civil action who, pursuant to 28

U.S.C. §§ 1441 et seq., hereby give notice of removal of this civil action to this Court. In doing

so, Defendants show that:

1.     On July 12, 2004, Plaintiffs filed their Complaint initiating this action in the

General Court of Justice, Superior Court Division, in Cumberland County. The case was

designated file no. 04-CVS-5198.

2.     In their Complaint, pursuant to 42 U.S.C. § 1983, Plaintiffs assert that Defendants

violated their civil rights afforded by the Fourth and Fourteenth Amendments to the United

States Constitution. See Complaint, Tenth Count, p. 13 (copy attached under Tab A). Plaintiffs

also assert a civil rights claim of persistent and widespread use of unreasonable force by Defendant Fayetteville Police Department. See Complaint, Eleventh Count, pp. 13-14.

3.      Since a federal question arises from these causes of action, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

4.      This action accordingly may be removed to this Court by Defendants pursuant to 28 U.S.C. §§ 1441 and 1443.

5.      On July 13, 2004, Plaintiffs filed an Amended Complaint, by which they clarified the identities of certain Defendants.

6.      All Defendants were served with a copy of a Summons and copy of the Complaint on or about July 19, 2004. The 30-day period running from that date during which Defendants may remove this action to this Court has not expired. See 28 U.S.C. § 1446(b).

7.      All Defendants consent to, and participate in, the removal of this action to this Court.[1]

8.      Pursuant to 28 U.S.C. § 1446(a), a copy of the Summons, Complaint and Amended Complaint served on Defendants are collectively attached under Tab A to this Notice.

9.      Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice will be filed with the Clerk of the General Court of Justice, Superior Court Division, Cumberland County, North Carolina, promptly after the filing of this Notice. A copy of the Notice to State Court of Removal (without attachments) is attached hereto as Exhibit B. Written notice of removal of this action will also be served on Plaintiffs' counsel.

---

[1] There are two alleged employees of Defendant Golden Corral Corporation who are named as Defendants. They are Mari Chris Farr (whose real name is Marichris) and Mary Christian. Golden Corral has reviewed its records and has no knowledge that anyone named Mary Christian was ever employed by Golden Corral. Upon information and belief, no one by the name Mary Christian was involved in any of the events giving rise to this action.

On these grounds, Defendants hereby exercise their right pursuant to 28 U.S.C. §§ 1441 et seq. to remove this action from the General Court of Justice, Superior Court Division of Cumberland County, North Carolina, to this United States District Court, for the Eastern District of North Carolina, Western Division.

This the 4th day of August, 2004.

POYNER & SPRUILL LLP

By: *Keith H. Johnson*

Keith H. Johnson
(N.C. Bar No. 17885)
Julie W. Hampton
(N.C. Bar No. 28558)
3600 Glenwood Avenue
P.O. Box 10096
Raleigh, North Carolina 27605-0096
Telephone: (919) 783-6400
Facsimile: (919) 783-1075

Attorneys for Defendants Golden
Corral Corporation, Golden Corral
Franchising Systems, Inc. and
Marichris Farr

LEGAL DEPARTMENT
CITY OF FAYETTEVILLE, N.C.

By: *Karen M. McDonald (KHJ)*

Karen M. McDonald
(N.C. Bar No. 20573)
Tiffaine W. Sneed
(N.C. Bar No. 26171)
433 Hay Street
Fayetteville, NC 28301
Telephone: (910) 433-1985
Facsimile: (910) 433-1980

Attorneys for Defendants Sergeant
Luther Paul, Jr., Officer George
Blanco, Fayetteville Police
Department, Other Unknown Named
Officers of the Fayetteville Police
Department, and the City of
Fayetteville

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing **NOTICE OF REMOVAL** by depositing a copy thereof in an envelope bearing sufficient postage in the United States mail, addressed to:

Ronnie M. Mitchell
Coy E. Brewer, Jr.
Mitchell Brewer Richardson Adams Burge & Boughman
2950 Village Drive
Fayetteville, NC 28304

Attorneys for Plaintiffs

This the 4th day of August, 2004.

By: _Keith H. Johnson_____
Keith H. Johnson

# STATE OF NORTH CAROLINA

FILED

Cumberland _____ County

204 JUL 12 PH 4:02

CUMBERLAND COUNTY, C.S.C.

File No.

04 CvS 5198

In The General Court of Justice

☐ District  ☒ Superior Court Division

| | |
|---|---|
| *Name of Plaintiff* <br> Lenzy Graham; Andregus Holmes; James Goodson, et al. | |
| *Address* <br> c/o 2950 Village Drive | **CIVIL SUMMONS** |
| *City, State, Zip* <br> Fayetteville, NC 28304 | |
| **VERSUS** | G.S. 1A-1, Rules 3, 4 |
| *Name of Defendant(s)* <br> Golden Corral Franchising Systems, Inc.; Golden Corral Corporation; Mary Christian; Mari Chris Farr; Sergeant Paul; Officer Blanco; Fayetteville Police Department; Other Unknown Named Officers of the Fayetteville Police Department; and The City of Fayetteville, North Carolina | ☐ Alias and Pluries Summons |
| | *Date Last Summons Issued* |

**To Each Of The Defendant(s) Named Below:**

| Name And Address of Defendant 1 | Name And Address of Defendant 2 |
|---|---|
| Golden Corral Corportaion <br> c/o Corporation Service Company <br> 327 Hillsborough Street <br> Raleigh, NC 27603 | |

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address of Plaintiff's Attorney (If None, Address of Plaintiff) <br> Ronnie M. Mitchell/Coy E. Brewer, Jr. <br> Mitchell, Brewer, Richardson, <br> Adams, Burge & Boughman <br> P.O. Box 2917 <br> Fayetteville, NC 28302 <br> (910) 678-7100 | Date Issued <br> 7/12/04 | Time <br> 4:48 ☐ AM ☒ PM |
|---|---|---|
| | Signature <br> *(signature)* | |
| | ☒ Deputy CSC ☐ Assistant CSC ☐ Clerk of Superior Court | |

| ☐ ENDORSEMENT <br> This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended thirty (30) days. | Date of Endorsement | Time <br> ☐ AM ☐ PM |
|---|---|---|
| | Signature | |
| | ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk of Superior Court | |

**NOTE TO PARTIES:** *Many Countries have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

AOC-CV-100, Rev. 9/96 <br> © 1997 Administrative Office of the Courts          (Over)

# STATE OF NORTH CAROLINA

FILED

Cumberland _____ County

2004 JUL 12 PM 0: 52

CUMBERLAND COUNTY, C.S.C.

BY_____

**File No.**

04 CvS S198

In The General Court of Justice

☐ District   ☒ Superior Court Division

| | |
|---|---|
| *Name of Plaintiff*<br>Lenzy Graham; Andregus Holmes; James Goodson; et al. | |
| *Address*<br>c/o 2950 Village Drive | **CIVIL SUMMONS** |
| *City, State, Zip*<br>Fayetteville, NC 28304 | |
| **VERSUS** | G.S. 1A-1, Rules 3, 4 |

*Name of Defendant(s)*
Golden Corral Franchising Systems, Inc.; Golden Corral Corporation;
Mary Christian; Mari Chris Farr; Sergeant Paul; Officer Blanco;
Fayetteville Police Department; Other Unknown Named Officers of the
Fayetteville Police Department; and The City of Fayetteville, North
Carolina

☐ Alias and Pluries Summons

*Date Last Summons Issued*

## To Each Of The Defendant(s) Named Below:

| *Name And Address of Defendant 1*<br>Golden Corral Franchising Systems, Inc.<br>C/o Corporation Service Company<br>327 Hillsborough Street<br>Raleigh, NC 27603 | *Name And Address of Defendant 2* |
|---|---|

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1.  Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served.  You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2.  File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| *Name And Address of Plaintiff's Attorney (If None, Address of Plaintiff)*<br>Ronnie M. Mitchell/Coy E. Brewer, Jr.<br>Mitchell, Brewer, Richardson,<br>Adams, Burge & Boughman<br>P.O. Box 2917<br>Fayetteville, NC 28302<br>(910) 678-7100 | *Date Issued*<br>7/12/04 | *Time*<br>4.52  ☐ AM ☒ PM |
| | *Signature*<br> | |
| | ☒ Deputy CSC  ☐ Assistant CSC  ☐ Clerk of Superior Court | |

| ☐ **ENDORSEMENT**<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended thirty (30) days. | *Date of Endorsement* | *Time*<br> ☐ AM ☐ PM |
| | *Signature*<br> | |
| | ☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk of Superior Court | |

NOTE TO PARTIES:  *Many Countries have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial.  The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

AOC-CV-100, Rev. 9/96
© 1997 Administrative Office of the Courts          (Over)

PAL COU

# STATE OF NORTH CAROLINA

| File No. |
| --- |
| 04 CvS 5198 |

Cumberland _____ County

In The General Court of Justice
☐ District    ☒ Superior Court Division

| Name of Plaintiff |
| --- |
| Lenzy Graham; Andregus Holmes; James Goodson; et al. |

| Address |
| --- |
| c/o 2950 Village Drive |

| City, State, Zip |
| --- |
| Fayetteville, NC 28304 |

## CIVIL SUMMONS

G.S. 1A-1, Rules 3, 4

**VERSUS**

| Name of Defendant(s) |
| --- |
| Golden Corral Franchising Systems, Inc.; Golden Corral Corporation; Mary Christian; Mari Chris Farr; Sergeant Paul; Officer Blanco; Other Unknown Named Officers of the Fayetteville Police Department; and The City of Fayetteville, North Carolina |

☐ Alias and Pluries Summons

Date Last Summons Issued

## To Each Of The Defendant(s) Named Below:

| Name And Address of Defendant 1 | Name And Address of Defendant 2 |
| --- | --- |
| Officer George Blanco c/o Fayetteville Police Department 467 Hay Street Fayetteville, NC 28301 | |

## A Civil Action Has Been Commenced Against You!

You are notified to appear and answer the complaint of the plaintiff as follows:

1.  Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2.  File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address of Plaintiff's Attorney (If None, Address of Plaintiff) | Date Issued | Time | |
| --- | --- | --- | --- |
| Ronnie M. Mitchell/Coy E. Brewer, Jr. Mitchell, Brewer, Richardson, Adams, Burge & Boughman P.O. Box 2917 Fayetteville, NC 28302 (910) 678-7100 | 7/12/04 | 4:50 | ☐ AM ☒ PM |
| | Signature | | |
| | ☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk of Superior Court | | |

| ☐ ENDORSEMENT This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended thirty (30) days. | Date of Endorsement | Time | |
| --- | --- | --- | --- |
| | | | ☐ AM ☐ PM |
| | Signature | | |
| | ☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk of Superior Court | | |

NOTE TO PARTIES: *Many Countries have MANDATORY ARBITRATION programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

AOC-CV-100, Rev. 9/96
© 1997 Administrative Office of the Courts                    (Over)

# STATE OF NORTH CAROLINA

File No.
04 CvS 5198

Cumberland _____ County

In The General Court of Justice
☐ District  ☒ Superior Court Division

*Name of Plaintiff*
Lenzy Graham; Andregus Holmes; James Goodson; et al.

*Address*
c/o 2950 Village Drive

*City, State, Zip*
Fayetteville, NC 28304

**VERSUS**

*Name of Defendant(s)*
Golden Corral Franchising Systems, Inc.; Golden Corral Corporation;
Mary Christian; Mari Chris Farr; Sergeant Paul; Officer Blanco;
Fayetteville Police Department; Other Unknown Named Officers of the
Fayetteville Police Department; and The City of Fayetteville, North
Carolina

# CIVIL SUMMONS

G.S. 1A-1, Rules 3, 4

☐ Alias and Pluries Summons

*Date Last Summons Issued*

**To Each Of The Defendant(s) Named Below:**

| *Name And Address of Defendant 1* | *Name And Address of Defendant 2* |
|---|---|
| Officer George Blanco<br>c/o Fayetteville Police Department<br>467 Hay Street<br>Fayetteville, NC 28301 | |

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1.  Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2.  File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| *Name And Address of Plaintiff's Attorney (If None, Address of Plaintiff)*<br>Ronnie M. Mitchell/Coy E. Brewer, Jr.<br>Mitchell, Brewer, Richardson,<br>Adams, Burge & Boughman<br>P.O. Box 2917<br>Fayetteville, NC 28302<br>(910) 678-7100 | *Date Issued*<br>7/12/04 | *Time*<br>4. 50 | ☐ AM ☒ PM |
|---|---|---|---|
| | *Signature*<br> | | |
| | ☒ Deputy CSC | ☐ Assistant CSC | ☐ Clerk of Superior Court |

| ☐ **ENDORSEMENT**<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended thirty (30) days. | *Date of Endorsement* | *Time* | ☐ AM ☐ PM |
|---|---|---|---|
| | *Signature* | | |
| | ☐ Deputy CSC | ☐ Assistant CSC | ☐ Clerk of Superior Court |

**NOTE TO PARTIES:** *Many Countries have MANDATORY ARBITRATION programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

AOC-CV-100, Rev. 9/96
© 1997 Administrative Office of the Courts          (Over)

# STATE OF NORTH CAROLINA

FILED

Cumberland _____ County

2004 JUL 12 PM 4:49

CUMBERLAND COUNTY C.S.C.

BY_____

| | File No. 04 CvS 5198 |
|---|---|

In The General Court of Justice
☐ District  ☒ Superior Court Division

**CIVIL SUMMONS**

*Name of Plaintiff*
Lenzy Graham; Andregus Holmes; James Goodson; et al.

*Address*
c/o 2950 Village Drive

*City, State, Zip*
Fayetteville, NC 28304

**VERSUS**

G.S. 1A-1, Rules 3, 4

*Name of Defendant(s)*
Golden Corral Franchising Systems, Inc.; Golden Corral Corporation; Mary Christian; Mari Chris Farr; Sergeant Paul; Officer Blanco; Fayetteville Police Department; Other Unknown Named Officers of the Fayetteville Police Department; and The City of Fayetteville, North Carolina

☐ Alias and Pluries Summons

*Date Last Summons Issued*

## To Each Of The Defendant(s) Named Below:

*Name And Address of Defendant 1*
Marichris Farr
1336 Oak Knolls Drive
Fayetteville, NC 28314-6056

*Name And Address of Defendant 2*

## A Civil Action Has Been Commenced Against You!

You are notified to appear and answer the complaint of the plaintiff as follows:

1.  Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2.  File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| *Name And Address of Plaintiff's Attorney (If None, Address of Plaintiff)*<br>Ronnie M. Mitchell/Coy E. Brewer, Jr.<br>Mitchell, Brewer, Richardson,<br>Adams, Burge & Boughman<br>P.O. Box 2917<br>Fayetteville, NC 28302<br>(910) 678-7100 | *Date Issued*<br>7/12/04 | *Time*<br>4:49  ☐ AM ☒ PM |
|---|---|---|
| | *Signature*<br>Olga | |
| | ☒ Deputy CSC  ☐ Assistant CSC | ☐ Clerk of Superior Court |

| ☐ **ENDORSEMENT**<br>This Summons was originally issued on the date<br>indicated above and returned not served. At the<br>request of the plaintiff, the time within which this<br>Summons must be served is extended thirty (30) days. | *Date of Endorsement* | *Time*  ☐ AM ☐ PM |
|---|---|---|
| | *Signature* | |
| | ☐ Deputy CSC  ☐ Assistant CSC | ☐ Clerk of Superior Court |

**NOTE TO PARTIES:**  *Many Countries have MANDATORY ARBITRATION programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration and, if so, what procedure is to be followed.*

AOC-CV-100, Rev. 9/96

© 1997 Administrative Office of the Courts                                    (Over)

08/04/2004 WED 08:44  [TX/RX NO 8417]  ☐003

# STATE OF NORTH CAROLINA

Cumberland _____ County

File No.
04 CvS 5198

In The General Court of Justice
☐ District  ☒ Superior Court Division

*Name of Plaintiff*
Lenzy Graham; Andregus Holmes; James Goodson; et al.

*Address*
c/o 2950 Village Drive

*City, State, Zip*
Fayetteville, NC 28304

## CIVIL SUMMONS

**VERSUS**

G.S. 1A-1, Rules 3, 4

*Name of Defendant(s)*
Golden Corral Franchising Systems, Inc.; Golden Corral Corporation; Mary Christian;  Mari Chris Farr; Sergeant Paul; Officer Blanco; Fayetteville Police Department; Other Unknown Named Officers of the Fayetteville Police Department; and The City of Fayetteville, North Carolina

☐ Alias and Pluries Summons

*Date Last Summons Issued*

## To Each Of The Defendant(s) Named Below:

| *Name And Address of Defendant 1* | *Name And Address of Defendant 2* |
|---|---|
| Sergeant L. Paul<br>c/o Fayetteville Police Department<br>467 Hay Street<br>Fayetteville, NC 28301 | |

## A Civil Action Has Been Commenced Against You!

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served.  You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| *Name And Address of Plaintiff's Attorney (If None, Address of Plaintiff)*<br>Ronnie M. Mitchell/Coy E. Brewer, Jr.<br>Mitchell, Brewer, Richardson,<br>Adams, Burge & Boughman<br>P.O. Box 2917<br>Fayetteville, NC 28302<br>(910) 678-7100 | *Date Issued*<br>7/12/04 | *Time*<br>11:49  ☐ AM ☒ PM |
|---|---|---|
| | *Signature* | |
| | ☒ Deputy CSC | ☐ Assistant CSC  ☐ Clerk of Superior Court |

| ☐ ENDORSEMENT<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended thirty (30) days. | *Date of Endorsement* | *Time*<br>☐ AM ☐ PM |
|---|---|---|
| | *Signature* | |
| | ☐ Deputy CSC | ☐ Assistant CSC  ☐ Clerk of Superior Court |

**NOTE TO PARTIES:**  *Many Countries have MANDATORY ARBITRATION programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial.  The parties will be notified if this case is assigned for mandatory arbitration and, if so, what procedure is to be followed.*

AOC-CV-100, Rev. 9/96
© 1997 Administrative Office of the Courts                    (Over)

# STATE OF NORTH CAROLINA

FILED

Cumberland _____ County

2004 JUL 12 PM 4:50

CUMBERLAND COUNTY, C.S.C.

BY_____

In The General Court of Justice

☐ District ☒ Superior Court Division

| Name of Plaintiff |
|---|
| Lenzy Graham; Andregus Holmes; James Goodson; et al. |

| Address |
|---|
| c/o 2950 Village Drive |

| City, State, Zip |
|---|
| Fayetteville, NC 28304 |

## CIVIL SUMMONS

**VERSUS**

G.S. 1A-1, Rules 3, 4

| Name of Defendant(s) |
|---|
| Golden Corral Franchising Systems, Inc.; Golden Corral Corporation; Mary Christian; Mari Chris Farr; Sergeant Paul; Officer Blanco; Fayetteville Police Department; Other Unknown Named Officers of the Fayetteville Police Department; and The City of Fayetteville, North Carolina |

☐ Alias and Pluries Summons

Date Last Summons Issued

## To Each Of The Defendant(s) Named Below:

| Name And Address of Defendant 1 | Name And Address of Defendant 2 |
|---|---|
| Fayetteville Police Department c/o Thomas McCarthy, Chief 467 Hay Street Fayetteville, NC 28301 | |

## A Civil Action Has Been Commenced Against You!

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address of Plaintiff's Attorney (If None, Address of Plaintiff) | Date Issued | Time |
|---|---|---|
| Ronnie M. Mitchell/Coy E. Brewer, Jr. Mitchell, Brewer, Richardson, Adams, Burge & Boughman P.O. Box 2917 Fayetteville, NC 28302 (910) 678-7100 | 7/12/04 | 4:50 ☐ AM ☒ PM |
| | Signature | |
| | ☒ Deputy CSC ☐ Assistant CSC ☐ Clerk of Superior Court | |

| ☐ ENDORSEMENT This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended thirty (30) days. | Date of Endorsement | Time |
|---|---|---|
| | | ☐ AM ☐ PM |
| | Signature | |
| | ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk of Superior Court | |

**NOTE TO PARTIES:** *Many Countries have MANDATORY ARBITRATION programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

AOC-CV-100, Rev. 9/96

© 1997 Administrative Office of the Courts

(Over)

# STATE OF NORTH CAROLINA

FILED

Cumberland _____ County

2004 JUL 12 PM 2: 51

CUMBERLAND COUNTY, C.S.C.

BY _____

*File No.*

04 CvS 5198

In The General Court of Justice

☐ District ☒ Superior Court Division

---

| | |
|---|---|
| *Name of Plaintiff*<br>Lenzy Graham; Andregus Holmes; James Goodson; et al. | **CIVIL SUMMONS** |
| *Address*<br>c/o 2950 Village Drive | |
| *City, State, Zip*<br>Fayetteville, NC 28304 | G.S. 1A-1, Rules 3, 4 |
| **VERSUS** | |
| *Name of Defendant(s)*<br>Golden Corral Franchising Systems, Inc.; Golden Corral Corporation; Mary Christian; Mari Chris Farr; Sergeant Paul; Officer Blanco; Fayetteville Police Department; Other Unknown Named Officers of the Fayetteville Police Department; and The City of Fayetteville, North Carolina | ☐ Alias and Pluries Summons<br><br>*Date Last Summons Issued* |

---

## To Each Of The Defendant(s) Named Below:

| *Name And Address of Defendant 1*<br>The City of Fayetteville, North Carolina<br>c/o Roger Stancil, City Manager<br>City Hall, 433 Hay Street<br>Fayetteville, NC 28301 | *Name And Address of Defendant 2* |
|---|---|

---

## A Civil Action Has Been Commenced Against You!

You are notified to appear and answer the complaint of the plaintiff as follows:

1.  Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2.  File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

---

| *Name And Address of Plaintiff's Attorney (If None, Address of Plaintiff)*<br>Ronnie M. Mitchell/Coy E. Brewer, Jr.<br>Mitchell, Brewer, Richardson,<br>Adams, Burge & Boughman<br>P.O. Box 2917<br>Fayetteville, NC 28302<br>(910) 678-7100 | *Date Issued*<br>7/12/04 | *Time*<br>4: 51 ☐ AM ☒ PM |
|---|---|---|
| | *Signature*<br>Olaus | |
| | ☒ Deputy CSC ☐ Assistant CSC ☐ Clerk of Superior Court | |

---

| ☐ ENDORSEMENT<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended thirty (30) days. | *Date of Endorsement* | *Time*<br>☐ AM ☐ PM |
|---|---|---|
| | *Signature* | |
| | ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk of Superior Court | |

---

**NOTE TO PARTIES:** *Many Countries have* **MANDATORY ARBITRATION** *programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

AOC-CV-100, Rev. 9/96

© 1997 Administrative Office of the Courts

Case 5:04-cv-00541-H   Document 1   Filed 08/04/04   Page 13 of 37

(Over)

FILED

2004 JUL 12
CUMBERLAND
BY_____

STATE OF NORTH CAROLINA

COUNTY OF CUMBERLAND

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
FILE NO: C 04 CVS 5198

FILM NO:

Lenzy Graham; Andregus Holmes;
James Goodson; Larry Shaw;
Lamont Hinson; Thomas Leak;
Marcus Johnson;

Plaintiffs

v.

Golden Corral Franchising Systems,
Inc.; Golden Corral Corporation;
Mary Christian; Mari Chris Farr;
Sergeant Paul; Officer Blanco;
Fayetteville Police Department;
Other Unknown Named Officers of
the Fayetteville Police Department;
and The City of Fayetteville, North
Carolina,

Defendants

COMPLAINT
(Jury Trial Demanded)

## Preliminary Statement

1.  This is an action in tort, seeking recovery for damages, arising from the incidents of July 13, 2003, such claim being brought pursuant to N.C. Gen. Stat. § 1A-1, Rules 1, 3, 4, 8 and 9.

## Jurisdiction, Venue and Parties

2.  Jurisdiction of the Court is invoked pursuant to N.C. Gen. Stat. § 1A-1, Rules 1, 3, 4, 8 and 9.

3.  Plaintiff Lenzy Graham is a citizen and resident of Columbus County, North Carolina and has the capacity to sue.

4.  Plaintiff Andregus Holmes is a citizen and resident of Harnett County, North Carolina and has the capacity to sue.

F:\227\726\Pleadings\complaint.wpd

5. Plaintiff James Goodson is a citizen and resident of Cumberland County, North Carolina and has the capacity to sue.

6. Plaintiff Larry Shaw is a citizen and resident of Cumberland County, North Carolina and has the capacity to sue.

7. Plaintiff Lamont Hinson is a citizen and resident of Cumberland County, North Carolina and has the capacity to sue.

8. Plaintiff Thomas Leak is a citizen and resident of Cumberland County, North Carolina and has the capacity to sue.

9. Plaintiff Marcus Johnson is a citizen and resident of Cumberland County, North Carolina and has the capacity to sue.

10. Upon information and belief, Defendant Sergeant Paul was and is a citizen and resident of Cumberland County, North Carolina and has the capacity to be sued.

11. Upon information and belief, Defendant Officer Blanco was and is a citizen and resident of Cumberland County, North Carolina and has the capacity to be sued.

12. Upon information and belief, Defendant Golden Corral Corporation is incorporated in and does business in North Carolina and has the capacity to be sued.

13. Upon information and belief, Defendant Golden Corral Franchising Systems, Inc. is a foreign corporation which conducts business in North Carolina and has a registered agent in the state who is authorized to receive service of process. Upon information and belief, this defendant also has the capacity to be sued.

14. Upon information and belief, Defendant Mary Christian is a citizen and resident of North Carolina, having the capacity to be sued.

15. Upon information and belief, Defendant Mari Chris Farr is a citizen and resident of North Carolina, having the capacity to be sued.

16. Upon information and belief, Defendant Fayetteville Police Department is a

governmental or quasi-governmental entity domiciled in and conducting its primary purpose within Cumberland County, North Carolina and has the capacity to be sued.

17. Upon information and belief, Defendant City of Fayetteville, North Carolina is a municipality within Cumberland County, North Carolina, and as a municipality, the Defendant, City of Fayetteville has the capacity to be sued; and, further, upon information and belief Defendant City of Fayetteville has waived immunity which it might assert with respect to any state law claims alleged in this complaint by the purchase or provision of insurance or indemnity agreements or ordinances.

18. Plaintiffs file this action in the county in which the incident occurred, a place of proper venue.

Factual Allegations

19. On or about Sunday, July 13, 2003, Plaintiffs gathered at the Golden Corral Restaurant on Ramsey Street in Fayetteville, North Carolina.

20. Plaintiffs were later told, that while Plaintiffs were at the restaurant, that purportedly, an unidentified person or persons made a telephone call to the restaurant and told an employee of Defendant to put money in a trash bag and leave it by the dumpster behind the restaurant.

21. Plaintiffs were later informed that this alleged caller also told the employees that four armed accomplices had been placed in the restaurant and were watching the employees.

22. Plaintiffs were also later informed that the purported caller asked specifically to speak with Mari Chris Farr.

23. Plaintiffs were further later informed that Mari Chris Farr made unfounded statements suggesting that Plaintiffs were attempting to extort money or commit a robbery.

24.  The restaurant manager, Mary Christian, as well as other employees of Golden Corral called the police and told them that a robbery was in progress and that a group of suspicious black men were in the restaurant.

25.  Rather than entering the restaurant or taking other actions to determine whether such events had actually occurred, when the police arrived they set up a perimeter and waited outside the building for all of the customers to leave the building.

26.  A restaurant employee told Plaintiffs that the police were outside; Plaintiffs who were not in violation of the law, did not consider the information further at that time, and did not realize that they had been "singled-out" merely because of their race and their presence in the restaurant.

27.  Mary Christian pointed out the Plaintiffs to the police and ushered them from the building.

28.  When Plaintiffs exited the restaurant building, the police officers accosted them in a demanding, demeaning and degrading manner with force and threat of force.

29.  Such apprehension, seizure and detention of Plaintiffs was unwarranted by an y act or actions of Plaintiffs.

30.  Such apprehension, seizure and detention of Plaintiffs was not supported by probable cause.

31.  Such apprehension, seizure and detention of Plaintiffs was not supported by reasonable articulable suspicion.

32.  The police ordered the Plaintiffs to kneel in sharp gravel with guns drawn and the police officers pointed their weapons at the heads of the Plaintiffs.

33.  Officer Blanco and others taunted Plaintiffs, *inter alia*, by mocking them and their association with a fraternal organization.

34.  After unreasonably detaining Plaintiffs, the police illegally seized and searched their cell phones without a warrant or exigent circumstances.

35. After realizing their mistake, the police allowed the Plaintiffs to leave but continued to treat them in a diminutive, degrading and demeaning manner.

36. As a result of such acts and actions, Plaintiffs were embarrassed, humiliated and suffered great anxiety.

37. As a result of such acts and actions, Plaintiffs were placed in substantial fear of bodily harm and/or other injury.

38. At a later point, the police realized that Plaintiffs had not committed any unlawful acts and that there was no reasonable articulable suspicion for the stop, seizure or detention of the Plaintiffs.

39. Upon realizing that the seizure or detention of the Plaintiffs was unreasonable, the police discontinued the use of their weapons and released Plaitniffs.

40. At that time, realizing that Plaintiffs had not they had behaved in an inappropriate and unprofessional manner, the police refused to provide their names or badge numbers to the Plaintiffs in an attempt to frustrate any action being taken against them.

41. The manner in which the Plaintiffs were treated was dramatically dissimilar from the way the police treated the other customers of other races leaving the restaurant before the Plaintiffs exited the restaurant.

42. Such disparate treatment was unreasonable under the circumstances.

43. Such disparate treatment was not premised upon any legitimate basis.

44. At no time did the Plaintiffs make any aggressive or provocative movements or gestures.

45. In fact, Plaintiffs did nothing to warrant the way they were treated.

46. Plaintiffs reallege, adopt and incorporate herein by reference the allegations contained in each and every paragraph of this complaint as if fully enumerated herein.

47. At the time and place alleged Defendants Golden Corral Corporation and Golden Corral Franchising Systems, Inc., by and through their employees, agents, and managers acting with the knowledge and consent of Defendants including but not limited to restaurant manager Mary Christian and employee Mari Chris Farr who were at all relevant times acting within the course and scope of their employment with the Defendants Golden Corral Corporation and Golden Corral Franchising Systems, Inc., made and published false statements concerning the Plaintiffs to other persons under circumstances under which such false statements were likely to be believed and such statements resulted in harm and injury to Plaintiffs, their dignity, self-respect and persons, and thereby, Defendants committed the tort of slander against the Plaintiffs.

48. At the time and place alleged an agent of the Defendants Golden Corral Corporation and Golden Corral Franchising Systems Inc., the restaurant manager Mary Christian and employees, Mari Chris Farr, and others, without any discernible cause or further proof, communicated to a third party, The Fayetteville Police Department, by way of a telephone call that Plaintiffs were involved in the commission of a crime.

49. This statement was false and the Plaintiffs, in fact, were not involved in or in any way affiliated with the criminal activity attributed to them.

50. Restaurant Manager, Mary Christian, and others as an agent of Defendants Golden Corral Corporation and Golden Corral Franchising Systems, Inc. knew or

h:\227\126\Pleadings\complaint.wpd

should have known that the statements that she made were false and made no attempt to discern the veracity of the information before communicating it to others, thereby recklessly disregarding the truth or falsity of the statement.

51.    This fallacious statement averring criminal activity or conduct of moral turpitude referring to the Plaintiffs constitutes slander *per se* on the part of the Defendants and requires no actual damages to be proven.

52.    However and as a result of Defendants' defamatory comments, Plaintiffs were subjected to humiliation, emotional distress and physical abuse.

53.    As a result of all of the above, Plaintiffs suffered substantial and actual damages proximately caused by Defendants.

### Second Count and Claim for Relief
#### False Imprisionment

54.    Plaintiffs reallege, adopt and incorporate herein by reference the allegations contained in each and every paragraph of this complaint as if fully enumerated herein.

55.    Plaintiffs were falsely imprisoned by Defendants Fayetteville Police Department, Sergeant Paul and Officer Blanco, as, without a warrant or sufficient probable cause, said Defendants did detain Plaintiffs against their will by means of physical violence and force and the threat thereof.

56.    At all times relevant to Plaintiff's claims, the acts of Sergeant Paul and Officer Blanco as agents of the Fayetteville Police Department, are also imputed to Defendant Fayetteville Police Department by way of vicarious liability.

57.    At the time and place alleged, the aforementioned detention was unreasonably and unnecessarily long and invasive in its nature.

58.    As a result, the unlawful imprisonment caused the Plaintiff's to suffer humiliation,

7

L:\BEV\Pleadings\complaint.wpd

emotional distress and physical pain.

## Third Count and Claim for Relief
### Assault

59.    Plaintiffs reallege, adopt and incorporate herein by reference the allegations contained in each and every paragraph of this complaint as if fully enumerated herein.

60.    At the time and place alleged, Plaintiffs were assaulted by Defendants Fayetteville Police Department, Sergeant Paul and Officer Blanco in that, the unreasonably aggressive and unprofessional manner in which these defendants conducted themselves made Plaintiffs, through threat and intimidation, reasonably apprehensive and fearful of physical bodily harm.

61.    At the time and place alleged, the language used by the Fayetteville Police, including Sergeant Paul and Officer Blanco was unreasonably threatening and unnecessarily aggressive under the circumstances.

62.    The threatening language of the officers, alone and particularly when coupled with drawn weapons and a lethal show of force, would put a reasonable person in fear for their lives and personal safety.

## Fourth Count and Claim for Relief
### Battery

63.    Plaintiffs reallege, adopt and incorporate herein by reference the allegations contained in each and every paragraph of this complaint as if fully enumerated herein.

64.    At the time and place alleged Defendants Fayetteville Police Department, Sergeant Paul and Officer Blanco intentionally battered Plaintiffs in that Defendants intentionally committed a harmful and offensive contact with Plaintiffs.

h:\221\726\Pleadings\complaint.wpd

65.  At the time and place alleged, this contact caused Plaintiffs physical discomfort, pain, humiliation and emotional distress.

66.  That said contact was intentional and beyond the scope of proper law enforcement conduct.

## Fifth Count and Claim for Relief
### Invasion of Privacy

67.  Plaintiffs reallege, adopt and incorporate herein by reference the allegations contained in each and every paragraph of this complaint as if fully enumerated herein.

68.  At the time and place alleged, Defendants Fayetteville Police Department, Sergeant Paul, and Officer Blanco committed an intrusion or invasion of the privacy of the Plaintiffs.

69.  At the time and place alleged, Defendants committed an intentional intrusion upon the seclusion or solitude of the Plaintiff's by searching through cell phones of the Plaintiffs without permission to do so.

70.  Plaintiffs had a reasonable expectation that information in their cell phones would be subject to privacy and were offended by Defendant's intrusion into this private information.

71.  The aforementioned invasion of Plaintiffs' privacy would be highly offensive to a reasonable person.

## Sixth Count and Claim for Relief
### Punitive Damages

72.  Plaintiffs reallege, adopt and incorporate herein by reference the allegations contained in each and every paragraph of this complaint.

73.  At all times relevant to Plaintiff's claims, the acts of the Defendants were

H:\2279726\Pleadings\complaint.wpd

aggravated in that they were intentional and displayed an open disregard for and indifference to the rights and safety of Plaintiff, and therefore warrant punitive damages in excess of Ten Thousand Dollars ($10,000.00) as allowed under North Carolina law in addition to compensatory damages herein awarded.

## Seventh Count and Claim For Relief
### Negligence

74. Plaintiffs reallege, adopt and incorporate herein by reference the allegations contained in each and every paragraph of this complaint as if fully enumerated herein.

75. Defendants Golden Corral Corporation and Golden Corral Franchising Systems Inc., by and through their employees, agents, and managers acting with Defendants knowledge and consent were negligent in that they owed a duty to the Plaintiffs to exercise ordinary and reasonable care under the circumstances.

76. Defendants breached this duty to Plaintiffs and upon information and belief, were negligent in that, among other things, Defendants operated in violation of a duty of care owed to the Plaintiffs:

   a. By assuming without cause or proof that Plaintiffs were involved in the commission of the robbery; and

   b. By failing to train restaurant employees to deal with these situations in a proper manner.

77. The above-described negligence of the Defendants Golden Corral Corporation and Golden Corral Franchising Systems Inc., directly and proximately caused the above-described incident and the Plaintiff's resulting injuries and damages.

78. As a direct and proximate result of the negligence of these defendants and the resulting incident directly and proximately caused thereby, the Plaintiffs have

suffered humiliation, emotional distress, physical pain, abuse, and other damages not herein enumerated; and by reason of all circumstances Plaintiffs have been damaged in excess of Ten Thousand Dollars ($10,000.00).

### Eighth Count and Claim for Relief
#### Negligence

79. Plaintiffs reallege, adopt and incorporate herein by reference the allegations contained in each and every paragraph of this complaint as if fully enumerated herein.

80. Defendants Sergeant Paul and Officer Blanco were negligent in that they owed a duty to the Plaintiffs to exercise ordinary and reasonable care under the circumstances.

81. Defendants Paul and Blanco breached this duty to Plaintiffs and upon information and belief, were negligent in that, among other things, Defendants operated in violation of a duty of care owed to the Plaintiffs:

    a. By assuming without cause or proof that Plaintiffs were involved in the commission of the robbery; and

    b. By acting outside the scope of their duties as law enforcement officers in regards to mocking, harassing, and abusing Plaintiffs.

82. The above-described negligence of the Defendants Sergeant Paul and Officer Blanco, directly and proximately caused the above-described incident and the Plaintiff's resulting injuries and damages.

83. As a direct and proximate result of the negligence of these defendants and the resulting incident directly and proximately caused thereby, the Plaintiffs have suffered humiliation, emotional distress, physical pain, abuse, and other damages not herein enumerated; and by reason of all circumstances Plaintiffs have been

damaged in excess of Ten Thousand Dollars ($10,000.00).

### Ninth Count and Claim for Relief
#### Negligence- Vicarious Liability

84. Plaintiffs reallege, adopt, and incorporate herein by reference the allegations contained in each and every paragraph of this complaint as if fully enumerated herein.

85. At all times relevant to Plaintiff's claims, the negligent acts of Sergeant Paul and Officer Blanco as agents of the Fayetteville Police Department, are also imputed to Defendant Fayetteville Police Department by way of vicarious liability.

86. Defendant Fayetteville Police Department was negligent in that it owed a duty to the Plaintiffs to exercise ordinary and reasonable care under the circumstances.

87. Defendant Fayetteville Police Department breached this duty to Plaintiffs and upon information and belief, were negligent in that, among other things, Defendant operated in violation of a duty of care owed to the Plaintiffs:

   a. By failing to properly train and supervise sergeants and officers in not exceeding the scope of their authority as a law enforcement officer; and

   b. By failing to properly train and supervise sergeants and officers in not using unreasonable or unjustified force.

88. The above-described negligence of the Defendant Fayetteville Police Department, directly and proximately caused the above-described incident and the Plaintiff's resulting injuries and damages.

89. As a direct and proximate result of the negligence of this defendant and the resulting incident directly and proximately caused thereby, the Plaintiffs have suffered humiliation, emotional distress, physical pain, abuse, and other damages not herein enumerated; and by reason of all circumstances Plaintiffs have been

f:\227\726\Pleadings\complaint.wpd

damaged in excess of Ten Thousand Dollars ($10,000.00).

## Tenth Count and Claim for Relief
### 42 U.S.C §1983 Violation of Civil Rights

90.   Plaintiffs reallege, adopt, and incorporate herein by reference the allegations contained in each and every paragraph of this complaint as if fully enumerated herein.

91.   Defendants, acting under color and authority of state law, have maliciously and intentionally deprived Plaintiffs of their rights, privileges, and immunities secured by the United States Constitution and its law in violation of 42 U.S.C. § 1983.

92.   Defendants maliciously and intentionally deprived plaintiff of his Fourth Amendment rights, including the prohibition against unreasonable search and seizures and the use of unreasonable and unjustified force upon the Plaintiffs.

93.   Defendants maliciously and intentionally deprived plaintiff of his Fourteenth Amendment rights, including the prohibition against depriving persons of life, liberty, or property without due process of law, and the prohibition against denying any person equal protection under the law by abusing and harassing Plaintiffs.

94.   As a result of defendants actions in depriving plaintiff of his civil rights in violation of 42 U.S.C. § 1983, plaintiff has suffered the damages outlined in this Complaint.

## Eleventh Count and Claim for Relief
### 42 U.S.C. § 1983 Excessive Force/Pattern and Practice

95.   Plaintiffs reallege, adopt and incorporate herein by reference the allegations contained in each and every paragraph of this complaint as if fully enumerated herein.

96.   Defendant Fayetteville Police Department has a persistent and widespread practice of allowing sergeants and officers to use unreasonable force without justification, thereby allowing the deprivation of plaintiffs's civil rights, as described in Count 10

of this Complaint, entitled 42 U.S.C. § 1983 Violation of Civil Rights.

97. Defendant Fayetteville Police Department has a persistent and widespread practice of allowing sergeants and officers to violate the Police Department's own policies and procedures, thereby allowing the deprivation of Plaintiffs's civil rights, as described in Count 10 of this complaint entitled 42 U.S.C. § 1983 Violation of Civil Rights.

98. Defendant Fayetteville Police Department has a persistent and widespread practice of failing to properly train and supervise sergeants and officers, thereby allowing the deprivation of plaintiffs's civil rights, as described in Count 10 of this Complaint, entitled 42 U.S.C. § 1983 Violation of Civil Rights.

99. Defendant Fayetteville Police Department ratified and condoned the conduct of Sergeant Paul and Officer Blanco by failing to discipline them, implicitly authorizing Sergeant Paul and Officer Blanco to use unreasonable and unjustified force on citizens such as the plaintiffs.

100. As a result of the persistent and widespread practices and pattern of Defendant Fayetteville Police Department in failing to properly train, supervise, and monitor sergeants and officers, Plaintiffs have been deprived of his civil rights, as described in Count 10 of this Complaint entitled 42 U.S.C. § 1983 Violation of Civil Rights.

101. As a result of the aforementioned conduct, Plaintiffs have suffered damages as previously mentioned in this Complaint.


## Twelfth Count and Claim for Relief

### Intentional Infliction of Emotional Distress

102. Plaintiffs reallege, adopt and incorporate herein by reference the allegations contained in each and every paragraph of this complaint as if fully enumerated herein.

103. At the time and place alleged Defendants Golden Corral Corporation and Golden Corral Franchising Systems, Inc., by and through their employees, agents, and managers acting with the knowledge and consent of Defendants including but not limited to restaurant manager Mary Christian and others who were at all relevant times acting within the course and scope of her employment with the Defendants Golden Corral Corporation and Golden Corral Franchising Systems, Inc., portrayed Plaintiffs in a false light, particularly, as persons who had or would commit criminal acts, including extortion, fraud, theft and the like.

104. At the time and place alleged an agent of the Defendants Golden Corral Corporation and Golden Corral Franchising Systems Inc., the restaurant manager Mary Christian, employees, Mari Chris Farr and others communicated to third persons or parties by way of a telephone call that Plaintiffs were involved in the commission of a crime.

105. This statement portrayed Plaintiffs in a false light, when in fact, were not involved in or in any way affiliated with the criminal activity attributed to them.

106. Restaurant Manager, Mary Christian, employees, Mari Chris Farr, and others as an agent of Defendants Golden Corral Corporation and Golden Corral Franchising Systems, Inc. knew or should have known that the statements portrayed Plaintiffs in a false light, but made no attempt to discern the veracity of the information before communicating it to others, thereby recklessly disregarding the truth or falsity of the statement.

107. The Defendants (police department and police department and the City of Fayetteville)egregiously failed to investigate and acted in an extreme and outrageous manner in accosting Plaintiffs, seizing and detaining Plaintiffs.

108. Further, the Defendants acted outrageously by assuming without cause or proof that Plaintiffs were involved in the commission of the robbery; by assaulting

15 ...Pleadings\complaint.wpd

Plaintiffs; by threatening them with harm and by to mocking, harassing, and abusing Plaintiffs.

109. As a result of Defendants' acts or actions, Plaintiffs were subjected to humiliation, emotional distress and physical abuse.

110. Under the circumstances averred, Defendants engaged in extreme and outrageous conduct.

111. Such conduct of Defendants was intended to cause or was done with reckless indifference to the likelihood" that Defendants acts would cause severe emotional distress, and did, in fact, cause injury and harm to Plaintiffs.

112. Such injury and harms included the severe emotional distress caused to Plaintiffs.

113. As a result of all of the above, Plaintiffs suffered substantial and actual damages proximately caused by Defendants.

## Thirteenth Count and Claim for Relief
### Negligent Infliction of Emotional Distress

114. Plaintiffs reallege, adopt and incorporate herein by reference the allegations contained in each and every paragraph of this complaint as if fully enumerated herein.

115. Under the circumstances and through the events, transaction and occurrences referenced, Defendants negligently engaged in the conduct described in this complaint.

116. It was reasonably foreseeable that such conduct would cause the plaintiff severe emotional distress.

117. The conduct did in fact cause the plaintiff severe emotional distress to the Plaintiffs.

118. As a result Plaintiffs are entitled to recover damages of Defendants proximately caused to Plaintiffs.

WHEREFORE, the Plaintiff prays the Court and demand judgment that:

1.   Plaintiffs have and recover a sum from Defendants, jointly and severally, in excess of $10,000 in compensatory damages as well as interest from the date of filing of the complaint;

2.   Plaintiffs have and recover a sum from Defendants, jointly and severally, in excess of $10,000 in punitive damages;

3.   That Plaintiffs may have a trial by jury;

4.   That Plaintiffs have and recover interest from the date of the filing of this action together with the cost of this action be taxed to the Defendant; and

5.   For other and just relief as the Court deems proper and necessary.

MITCHELL BREWER RICHARDSON
ADAMS BURGE & BOUGHMAN

By:   _Ronnie M. Mitchell_
Ronnie M. Mitchell

By:   _Coy E. Brewer_
Coy E. Brewer, Jr.

2950 Village Drive
Fayetteville, NC 28304
Telephone:   (910) 678-7100
Facsimile:   (910) 678-9099

H:\...\Pleadings\complaint.wpd

STATE OF NORTH CAROLINA

COUNTY OF CUMBERLAND

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
FILE NO:    04 CVS 5198
FILM NO:

Lenzy Graham; Andregus Holmes; )
James Goodson; Larry Shaw; )
Lamont Hinson; Thomas Leak; )
Marcus Johnson; )
                 Plaintiffs )
 )
 )
       v. )
 )
Golden Corral Franchising Systems, )
Inc.; Golden Corral Corporation; )
Mary Christian; Mari Chris Farr; )
Sergeant Luther Paul, Jr.; Officer )
George Blanco; Fayetteville Police )
Department; Other Unknown )
Named Officers of the Fayetteville )
Police Department; and The City of )
Fayetteville, North Carolina, )
                 Defendants

AMENDMENT TO COMPLAINT

FILED
2004 JUL 13 PM
CUMBERLAND COUNTY, S.C.
BY_____

    NOW COME the Plaintiffs and amend the complaint pursuant to the provisions of Rule 15 of the North Carolina Rules of Civil Procedure prior to the filing and service of responsive pleadings as follows:

1.    Plaintiffs are informed and believe that Defendant Sergeant Paul is Sergeant Luther Paul, Jr., who was and is a citizen and resident of Cumberland County, North Carolina and has the capacity to be sued.

2.    Plaintiffs are informed and believe that Defendant Officer Blanco is Officer George Blanco who was and is a citizen and resident of Cumberland County, North Carolina and has the capacity to be sued.

3.    All references in the Plaintiffs' original complaint to Defendant Paul and Defendant Blanco shall be construed as to refer to Sergeant Luther Paul, Jr. and

Officer George Blanco, respectively.

4.    Except as necessarily modified by this amendment to the Complaint, each and every paragraph of the complaint filed herein is ratified and adopted herein by reference as if fully set forth verbatim.

WHEREFORE, the Plaintiffs pray the Court and demand judgment that:

1.    Plaintiffs have and recover a sum from Defendants, jointly and severally, in excess of $10,000 in compensatory damages as well as interest from the date of filing of the complaint;

2.    Plaintiffs have and recover a sum from Defendants, jointly and severally, in excess of $10,000 in punitive damages;

3.    That Plaintiffs may have a trial by jury;

4.    That Plaintiffs have and recover interest from the date of the filing of this action together with the cost of this action be taxed to the Defendant; and

5.    For other and just relief as the Court deems proper and necessary.

**MITCHELL BREWER RICHARDSON ADAMS BURGE & BOUGHMAN**

By: _____
     Ronnie M. Mitchell

By: _____
     Coy E. Brewer, Jr.
     2950 Village Drive
     Fayetteville, NC 28304
     Telephone:  (910) 678-7100
     Facsimile:   (910) 678-9099

# STATE OF NORTH CAROLINA

| | | | | File No. |
|---|---|---|---|---|
| Cumberland | County | ☐ District | ☒ Superior Court Division | 04 CvS 5198 |

| | |
|---|---|
| **Name of Plaintiff 1** <br> Lenzy Graham | **GENERAL CIVIL ACTION** |
| **Tax ID/SSN** | |
| | **COVER SHEET** |
| **Name of Plaintiff 2** <br> Andregus Holmes | |
| **Tax ID/SSN** | ☐ **INITIAL FILING**    ☒ **SUBSEQUENT FILING** |
| | Rule 5(b) Rules of Practice for Superior and District Courts |
| **Name of Plaintiff 3** <br> James Goodson | **Name and Address of Attorney, or Party if Not Represented (complete for appearance or change of address** |
| **Tax ID/SSN** | Ronnie M. Mitchell/Coy E. Brewer, Jr. <br> Post Office Box 2917 <br> Fayetteville, NC 28302 |
| **VERSUS** | **Attorney Bar No.** <br> 8423/481 |
| **Name of Defendant 1** <br> Golden Corral Franchising Systems, Inc. | |
| **Tax ID/SSN** ・ **Summon Submitted** ☒ Yes ☐ No | ☒ Initial Appearance in Case ・ ☐ Change of Address |
| **Name of Defendant 2** <br> Golden Corral Corporation | **Name of Firm** <br> Mitchell, Brewer, Richardson, Adams, Burge & Boughman |
| **Tax ID/SSN** ・ **Summon Submitted** ☒ Yes ☐ No | **Tax ID No.** ・ **Telephone No.** (910) 678-7100 ・ **FAX No.** (910) 678-9099 |
| **Name of Defendant 3** <br> Mary Christian | **Counsel for** <br> ☒ All Plaintiffs ☐ All Defendants ☐ Only (List party(ies) represented |
| **Tax ID/SSN** ・ **Summon Submitted** ☒ Yes ☐ No | |
| ☒ Jury Demanded in Pleading <br> ☐ Complex Litigation | ☐ Amount in controversy does not exceed $15,000 <br> ☐ Stipulate to arbitration |

| **TYPE OF PLEADING** | **CLAIM FOR RELIEF FOR** |
|---|---|
| (check all that apply) | (check all that apply) |
| ☐ Amended Answer/Reply (AMND-Response) | ☐ Administratve Appeal (ADMA) |
| ☒ Amended Complaint (AMND) | ☐ Appointment of Receiver (APRC) |
| ☐ Answer/Reply (ANSW-Response) | ☐ Attachment/Garnishment (ATTC) |
| ☐ Complaint (COMP) | ☐ Claim and Delivery (CLMD) |
| ☐ Confession of Judgment (CNFJ) | ☐ Collection on Account (ACCT) |
| ☐ Counterclaim vs. (CTCL) | ☐ Condemnation (CNDM) |
| ☐ All Plaintiff(s) ☐ Only (List on back) | ☐ Contract (CNTR) |
| ☐ Crossclaim vs. (List on back ) (CRSS) | ☐ Discovery Scheduling Order (DSCH) |
| ☐ Extend Statute of Limitations, Rule 9 (ESOL) | ☐ Injunction (INJU) |
| ☐ Extend Time For Answer (MEOT-Response) | ☐ Medical Malpractice (MDML) |
| ☐ Extend Time For Complaint (EXCO) | ☐ Minor Settlement (MSTL) |
| ☐ Rule 12 Motion in Leiur of Answer (MDLA) | ☐ Money Owed (MNYO) |
| ☐ Third Party Complaint (List Third Party Defendants on | ☐ Negligence - Motor Vehicle (MVNG) |
| ☐ Other (specify) | ☐ Limited Driving Privilege -Out-of-State Convictions |
| | ☐ Possession of Personal Property (POPP) |
| | ☐ Product Liability (PROD) |
| | ☐ Real Property (RLPR) |
| | ☐ Specific Performance (SPPR) |
| | ☒ Other (specify) |
| | Slander, False Imprisonment, Assault, Battery, Invasion of Privacy and Negligence. |

**NOTE:** Small claims are exempt from cover sheets

| | |
|---|---|
| Date  13 July 2004 | Signature of Attorney  *[signature]* |

NOTE:  All papers filed in civil actions, special proceedings and estates shall include as the first page of the filing a cover sheet summarizing the critical elements of the filing in  a format prescribed by the Administrative Office of the courts. The Clerk of superior Court shall require a party to refile any paper which does not include the required cover sheet.

AOC-CV-751 Rev. 11/96

NORTH CAROLINA

CUMBERLAND COUNTY

GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
04 CVS 5198

LENZY GRAHAM; ANDREGUS
HOLMES, JAMES GOODSON;
LARRY SHAW; LAMONT
HINSON; THOMAS LEAK;
MARCUS JOHNSON;

Plaintiffs,

v.

GOLDEN CORRAL FRANCHISING
SYSTEMS, INC.; GOLDEN
CORRAL CORPORATION; MARY
CHRISTIAN; MARI CHRIS FARR;
SERGEANT PAUL; OFFICER
BLANCO; FAYETTEVILLE
POLICE DEPARTMENT; OTHER
UNKNOWN NAMED OFFICERS of
the FAYETTEVILLE POLICE
DEPARTMENT; and THE CITY OF
FAYETTEVILLE, NORTH
CAROLINA,

Defendants.

**NOTICE TO STATE COURT
OF REMOVAL**

TO:    Linda Priest
      Clerk of Superior Court for Cumberland County
      P.O. Box 363
      117 Dick Street
      Fayetteville, N.C. 28302

PLEASE TAKE NOTICE that on the 4th day of August, 2004, Defendants in the above-referenced civil action collectively filed a Notice of Removal of this suit in the United States District Court for the Eastern District of North Carolina, thereby removing this action to that Court, pursuant to 28 U.S.C. §§ 1441 et seq. A copy of the Notice of Removal (without exhibits) is attached hereto as Exhibit 1.

PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. § 1446, the filing of that Notice of Removal in the United States District Court for the Eastern District of North

Carolina, together with the filing of the attached copy of that Notice of Removal with this Court, effects the removal of this action, and this Court may proceed no further unless and until the action is remanded.

This the 4th day of August, 2004.

POYNER & SPRUILL LLP

By: *Keith H. Johnson*

Keith H. Johnson
(N.C. Bar No. 17885)
Julie W. Hampton
(N.C. Bar No. 28558)
3600 Glenwood Avenue
P.O. Box 10096
Raleigh, North Carolina 27605-0096
Telephone: (919) 783-6400
Facsimile: (919) 783-1075

Attorneys for Defendants Golden
Corral Corporation, Golden Corral
Franchising Systems, Inc. and
Marichris Farr

LEGAL DEPARTMENT
CITY OF FAYETTEVILLE, N.C.

By: *Karen M. McDonald (KH)*

Karen M. McDonald
(N.C. Bar No. 20573)
Tiffaine W. Sneed
(N.C. Bar No. 26171)
433 Hay Street
Fayetteville, NC 28301
Telephone: (910) 433-1985
Facsimile: (910) 433-1980

Attorneys for Defendants Sergeant
Luther Paul, Jr., Officer George
Blanco, Fayetteville Police
Department, Other Unknown Named
Officers of the Fayetteville Police
Department, and the City of
Fayetteville

CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing ***NOTICE TO STATE***

***COURT OF REMOVAL*** by depositing a copy thereof in an envelope bearing sufficient postage

in the United States mail, addressed to:

Ronnie M. Mitchell
Coy E. Brewer, Jr.
Mitchell Brewer Richardson Adams Burge & Boughman
2950 Village Drive
Fayetteville, NC 28304

Attorneys for Plaintiffs

This the 4ᵗʰ day of August, 2004.

By: _Keith H. Johnson_____
    Keith H. Johnson